## CASTRO *v.* EL REGISTRADOR DE LA PROPIEDAD.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan.

No. 7.—Resuelto en Noviembre 15, 1904.

HEREDEROS—INSCRIPCIÓN DE BIENES HEREDADOS—LIQUIDACIÓN DE LA SOCIEDAD CONYUGAL.—*Los* herederos no pueden adjudicarse ó inscribir los bienes existentes al fallecimiento del testador, que en este caso estuvo casado dos veces y murió despues del fallecimiento de su segunda esposa, sin antes proceder á la liquidación de ambos matrimonios, para así determinar la participación correspondiente á cada uno de los cónyuges, y en su representación á sus respectivos herederos, y poder practicar entónces las correspondientes inscripciones en el Registro.

ID.—HEREDEROS POR REPRESENTACIÓN.—Fallecido uno de los hijos del testador antes que éste, no llega á heredarle, y por consiguiente los derechos de la *viuda de ese hijo* sobre la herencia del difunto *marido* quedaban limitados á los bienes que constituían el caudal del último á la fecha de su fallecimiento, no teniendo dicha viuda absolutamente ningún derecho sobre los bienes hereda- dos por sus hijos, como nietos del testador, por que la ley no se lo reconoce.

### EXPOSICIÓN DEL CASO.

Visto el presente recurso gubernativo interpuesto por Don Anastacio Castro contra nota denegatoria del Registrador de la Propiedad de esta Capital á inscribir un testamento.

*Resultando:* que Don José Antonio Fuente y Salla otorgó testamento nuncupativo, ante el Notario de Bayamón Don Tomás Valldejuly y Calatraveño, en trece de Setiembre de mil ochocientos noventa y tres, y en el que, entre otros particu- lares, declaró, por la claúsula segunda, que había sido casado dos veces, la primera con Doña Felícita García, en cuyo matri- monio había tenido una hija, que murió en su menor edad, sin dejar sucesión; y la segunda con Doña Efígenia Maisonet y Dávila, con quien había procreado cinco hijos llamados Doña Nicolasa del Cármen, Don Juan Francisco Hermógenes, Don José Antonio, Don José Gabriel y Doña Carmen Fuentes y Maisonet, habiendo fallecido, de ellos, el Don Juan Francisco Hermógenes, quien al morir estaba casado con Doña Francisca Rodriguéz, que vivía á la fecha del testamento, y en cuyo matrimonio había tenido cuatro hijos, nietos del testador, llamados Doña Efígenia, Doña Inés Públia, Don Juan Fran- cisco y Don Pedro Fuentes y Rodríguez, que se encontraban en la menor edad, añadiendo que la madre de ellos, Doña Francisca Rodríguez, se encontraba casada en segundas nup- cias con Don Arturo Pacheco, instituyendo por la cláusula octava, en el remanente liquido de todos sus bienes, por sus únicos y universales herederos, por iguales partes, á sus repe- tidos hijos legítimos, Doña Nicolasa del Cármen, Don José Antonio, Don José Gabriel, Doña Cármen y Don Juan Fran- cisco Hermógenes y en sustitución de este último, por haber

fallecido, sus hijos, nietos del testador, llamados Doña Efí-
genia, Doña Inés Públia, Don Juan Francisco y Don Pedro
Fuentes y Rodriguez, quienes adquiririan, en su representa-
ción, todos los derechos que en la herencia pudieran corres-
ponder á su citado padre difunto, Don Juan Francisco Hermó-
genes; y nombrando por la cláusula diez, por sus albaceas,
Contadores partidores de su herencia, á Don José Ramón
Tibot y Fuentes, y Don José Antonio y Don José Gabriel
Fuentes y Maisonet, mayores de edad y vecinos del mismo
pueblo de Bayamón, para que juntos, ó separadamente, prac-
ticaran extrajudicialmente el inventario, avalúo, liquidación
y division de los .bienes relictos, prorrogándoles el año legal
del Albaceazgo por todo el tiempo que necesitaren, y pro-
hibiendo toda intervención judicial en las operaciones de su
testamentaria.

*Resultando* que presentado dicho testamento al Regis-
trador de la Propiedad de esta Capital, con un escrito del
abogado Don Cruz Castro, en representación del Albacea y
Contador partidor Don José Ramón Tibot y Fuentes, para
que se inscribieran varios bienes inmuebles dejados ·por el
testador, entre sus herederos, proindiviso, reservando á la
cónyuge superstite, viuda del Don José Antonio Fuentes, y
Salla (así dice el escrito) la porción en usufructo que le co-
rrespondía en una parte igual á la que por legítima tocára á
cada uno de los herederos del difunto Fuentes, y á la viuda
del Don Juan Francisco Hermógenes, su porción, también en
usufructo, en la quinta parte de la porción que heredaron sus
hijos, denegó el Registrador la inscripción solicitada, por los
motivos que expresa la nota puesta al pié del testamento, la
que copiada á la letra dice así:

"No admitida la inscripción del anterior documento, ó séa de las
fincas que en virtud del mismo se pretenden inscribir á favor de los
herederos de Don José Antonio Fuentes y Salla, en escrito acompañado,
porque otorgándose por dicho causante su testamento siendo viudo, no
aparece del Registro que se hayan liquidado las sociedades conyu-

gales habidas entre el mismo testador y Doña Felícita García en primeras nupcias y con Doña Efigenia Maisonet y Dávila en segundas, y porque en el escrito aludido se reservan á la viuda del causante y á la del hijo fallecido Don Juan Francisco Hermógenes Fuentes, derechos de usufructo que no existen, por cuanto la segunda exposa del testador premurió al mismo, y la muerte del esposo de Doña Francisca Rodriguez ocurrió antes que la del citado causante, según se expresa en el testamento ,y en cumplimiento de la Ley sobre recursos contra las resoluciones de los Registradores se ha extendido anotación preventiva al fólio 58 vuelto del tomo 4 de Bayamón, finca 154, anotación letra A. y á folios 197 y 201 vueltos, del tomo 13 de dicho pueblo, fincas 716 y 717, anotaciones letras A. todas, cuyas anotaciones tendrán efecto legal durante ciento veinte días de la .fecha. San Juan Bautista de Puerto Rico, Mayo nueve de mil novecientos cuatro.''

*Resultando:* que notificada dicha nota al presentante del testamento, no estuvo conforme con la calificación del Registrador, por lo que pidió se elevase dicho documento á este Tribunal Supremo para la resolución correspondiente, lo que verificó dicho funcionario, .remitiendo después á este Tribunal, en cumplimiento de un auto para mejor proveer, el escrito de que se ha hecho mérito, del Albacea y Contador partidor Don José Ramón Tibot y Fuentes.

El Juez Presidente *Sr.* Quiñones,. después de exponer los hechos anteriores, emitió la Opinión del Tribunal.

*Considerando*: que constando del testamento de Don .José Antonio Fuentes y Salla que fué casado dos veces, habiendo fallecido también antes que él, su segunda esposa Doña Efigenia Maisonet y Dávila, no pueden los herederos del viudo Don José Antonio Fuentes adjudicarse los bienes existentes á su fallecimiento, sin antes proceder á la liquidación de ambos matrimonios, para determinar de esta manera la participación correspondiente á cada uno de los conyuges, y en su representación, á sus respectivos herederos, y poder practicarse en el Registro las inscripciones correspondientes, en cumplimiento de lo dispuesto por el artículo 20 de la Ley Hipotecaria vigente.

*Considerando* : á mayor abundamiento, que habiendo falle-cido Doña Efígenia Maisonet, segunda esposa del finado Don José Antonio Fuentes, antes que éste, no llegó á heredarle y por consiguiente no pudo tener el derecho al usufructo que la ley concede á la mujer casada cuando sobrevive á su ma-rido ó vice versa; y que respecto al otro usufructo que se pre-tende reservar á la viuda de Don Juan Francisco Hermóge-nes, nombrada Doña Francisca Rodríguez, tampoco es pro-cedente, toda vez que si bien sobrevivió á su marido, habiendo fallecido éste antes que su padre el Don José Antonio, no llegó á heredarlo, y por consiguiente sus derechos sobre la herencia de su marido quedaban limitados á los bienes que constituían el caudal de éste á la fecha de su fallecimiento, pero de ninguna manera puede pretender que se le asigne sobre la porción de bienes que corresponda á sus hijos como herederos de su abuelo Don José Antonio Fuentes, sobre los cuales la ley no le concede ningún derecho.

*Vistos* los artículos 834 y 818 del antíguo Código Civil.

*Se confirma* la nota denegatoria del Registrador de la Propiedad de esta Capital puesta al pié del testamento de que se trata y devuelvansele los documentos presentados, con co-pia certificada de la presente resolución para conocimiento de los interesados y demás efectos procedentes.

Jueces concurentes: Sres. Hernández, Figueras, MacLeary y Wolf.